JOHNSON, J.,
dissents with reasons.
hi. respectfully, dissent in part with the majority opinion. The quandary I have with the opinion lies within the analysis of the theory of respondeat superior/vicarious liability. The jurisprudence relied upon from Baumeister v. Plunkett, 95-2270 (La.5/21/96); 673 So.2d 994 is inapplicable to the facts of this case. That case refers to the theory of vicarious liability for an intentional tort. However, the case at bar *177 is a negligence claim under vicarious liability. Despite the fact that the employees may have intentionally sold a vehicle not owned by Premier Nissan to the plaintiff, that action does not place this case within the ambit of intentional torts.
In Richard v. Hall, 03-1488 (La.4/23/04); 874 So.2d 131, 138, reh. denied, (La.6/25/04), the Louisiana Supreme Court set forth a distinction in reviewing an intentional tort and a negligence vicarious liability case by stating, “[i]n a negligence case, as distinguished from an intentional tort case, the court need only determine whether the servant’s general activities at the time of the tort were within the scope of employment.” (See also, Ermert v. Hartford Ins. Co., 559 So.2d 467, 478 (La. 1990), reh. denied, (La.1990), where the court held, “[i]n contrast to these intentional tort cases, in which it must be determined whether the tortious act itself was within the scope of the servant’s employment, the court in a negligence case need only determine whether the servant’s general activities at the time of the tort were | ¿within the scope of his employment”). In view of this jurisprudence, the furtherance of the employer’s objective is not the determining factor of whether the employer should be found vicariously liable for the actions of an employee.
When considering whether an employee was within the scope of his or her employment, the Louisiana Supreme Court has stated the following in Ermert v. Hartford Ins. Co., 559 So.2d at 476-477:
Because vicarious liability is imposed based upon the attribution of business-related risks to the enterprise, specific conduct may be considered within the scope of employment even though it is done in part to serve the purposes of the servant or of a third person. The fact that the predominant motive of the servant is to benefit himself or a third person does not prevent the act from being within the scope of employment. If the purpose of serving the master’s business actuates the servant to any appreciable extent, the master is subject to liability if the act is otherwise within the service. So also, the act may be found to be in the service if not only the manner of acting but the act itself is done largely for the servant’s purposes. (Citations omitted).
In the instant case, the plaintiff, Frank Masanz, visited the Premier Nissan used car lot to purchase a vehicle. He was greeted by a salesman of Premier Nissan, Carlos Zuniga, and shown different vehicles on the lot. Once Mr. Masanz voiced that he was not interested in the vehicles shown to him, Mr. Zuniga followed protocol and informed Adil Mounis, a service manager of Premier Nissan, of Mr. Ma-sanz’s discontent. After being instructed by Mr. Mounis, Mr. Zuniga presented a 2001 GMC Sierra SLE located on the back of the lot to Mr. Masanz for sale. Mr. Masanz agreed to buy the Sierra and paid cash to Mr. Mounis in his office at Premier Nissan for the vehicle, and a sale occurred. Subsequently, Mr. Masanz was instructed by Mr. Mounis to meet the following day at Casey & Casey, MPS Inc. DVA Auto Title Express, a title company that Premier Nissan regularly does business with, to complete the title transfer. Mr. Masanz left the |sPremier Nissan premises in the Sierra the same day he paid for the vehicle.
The actions of Mr. Zuniga and Mr. Mounis were largely within the scope of their employment with Premier Nissan, even though the predominant motive was self-serving. Mr. Zuniga and Mr. Mounis had followed the same protocol that should have been followed for any other vehicle being sold on Premier Nissan’s lot. Despite the fact that Premier Nissan did not *178 receive any of the proceeds from the sale, the employees were actuating Premier Nissan’s business. The act of displaying and selling a vehicle not owned by Premier Nissan on Premier Nissan’s used car lot by the employees is a risk assumed by Premier Nissan when employing its salespeople and managers. (See Ermert v. Hartford Ins. Co., 559 So.2d at 477, where the court held, “[t]he scope of risks attributable to an employer increases with the amount of authority and freedom of action granted to the servant in performing his assigned tasks. This is the logical extrapolation of a rule that fixes liability based upon the course of employment: The greater potential course of employment expands the servant’s potential opportunities to commit torts.”) (Citations omitted).
For the foregoing reasons, I am of the opinion that Premier Nissan should be held liable under the theory of respondent superior/vicarious liability for the actions of its employees toward Mr. Masanz. In all other respects, I agree with the majority opinion.